LAW OFFICES OF KAREN L. GOLDSTEIN
Karen L. Goldstein (State Bar No. 229965)
1645 N. Vine Street, Suite 306
Los Angeles, CA 90028
Telephone: 888.445.6313
Facsimile: 323.467.7228
kgoldstein@klgcriminaldefense.com

Attorney for Defendant
RONDALE YOUNG

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 10-923-SJO-31 |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO COMPEL UNREDACTED AND COMPLETE COPY OF ALL B.O.P. RECORDS RE: ALLEGED INCIDENT FROM AUGUST 24, 2016** |
| v. | |
| RONDALE YOUNG, | |
| Defendant. | **Date**: April 9, 2019<br>**Time:** 8:30am<br>**Courtroom**: 6C |
| | **Before the Honorable S. James Otero** |

TO THE HONORABLE UNITED STATES DISTRICT JUDGE S. JAMES OTERO FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND ASSISTANT UNITED STATES ATTORNEYS MACK JENKINS AND FRANCES S. LEWIS:

PLEASE TAKE NOTICE THAT on April 9, 2019, at 8:30 a.m., or soon thereafter, Defendant Rondale Young, by and through his counsel, Karen L. Goldstein, moves this Court under U.S. Const. Amends. V, VI, and VI, *Brady v. Maryland,* 373 U.S. 83 (1963), and the Federal Rules of Criminal Procedure 16 and 26.2, to disclose the following:

1) Unredacted and complete copies of all B.O.P records pertaining to the alleged incident at Pollock U.S.P., from August 24, 2016, where Mr. Young is alleged to be a witness, and the government intends to introduce the evidence at trial.

This motion is based upon the attached memorandum of points and authorities, all files and records in this case, and any further evidence as may be adduced at the hearing on this motion.

Dated: April 3, 2019                             */s/ Karen L. Goldstein*
                                                 Attorney for Rondale Young

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE GOVERNMENT SEEKS TO INTRODUCE EVIDENCE OF AN ALLEGED B.O.P. INCIDENT FROM AUGUST 24, 2016 BUT DOES NOT INTEND TO PRODUCE COMPLETE AND UNREDACTED B.O.P. RECORDS

On March 24, 2019, defendant Rondale Young filed, under seal, a Motion *in Limine* to Exclude Evidence Related to Alleged B.O.P. Incident from 2016. (*See* Doc 3294.) As discussed in the motion, the government previously disclosed heavily redacted B.O.P. records concerning a prison fight involving inmates allegedly affiliated with the Bloods from August 24, 2016, at Pollock USP. Mr. Young is alleged to have been a witness and to have made statements about the fight.[1] A copy of the redacted B.O.P. records were filed under seal, attached as Exhibit A. (Exh. A, Doc 3294.)

On April 1, 2019, defense counsel filed a fourth informal discovery request with the government requesting unredacted copies of these same B.O.P. records. On April 2, 2019, the government and defense counsel did a telephonic meet and confer. The government confirmed that it would be seeking to introduce evidence related to this August 24, 2016, incident; however, it also indicated that it did not intend to produce an unredacted copy of the B.O.P. records because it was ony seeking to introduce a limited statement from Mr. Young. The govenrment further indicated that generally B.O.P. records are redacted by the B.O.P. directly for inmate security reasons. The defense cannot defend against this allegation without a complete and unredacted copy of the discovery.

### II. COUNSEL CANNOT PREPARE FOR CONSTITUTIONALLY-ADEQUATE CROSS-EXAMINATION UNDER THE SIXTH AMENDMENT WITHOUT COMPLETE AND UNREDACTED B.O.P. RECORDS

If the Court were to allow this evidence to be introduced, counsel cannot effectively prepare for cross-examination of the B.O.P. investigator without a complete and unrecated copy of these records. Questioning a B.O.P. witness, without access to the

---

[1] As argued more in-depth in the original motion, the Third Indictment actually lists an end date of September 25, 2013 for any alleged conspiracy. This alleged B.O.P incident is over three years later.

relevant discovery, would violate Mr. Young's right to a fair trial and right to confrontation. This is particuarly true given the fact that other inmates were sanctioned for the offense and deemed to have been the actual "assailants", but counsel cannot see what sanctions were imposed; the records reflect only that Mr. Young himself was not sanctioned.

Without receiving immediate, unredacted, and complete copies of all B.O.P records concerning this August 24, 2016, incident, counsel will be ill-equipped to defend against this allegation. For instance, counsel would be prevented from locating, interviewing and subpoenaing material witnesses. Three assailants were identified in the B.O.P. report, although their names are redacted, and four additional individuals were also listed in the report as having a role "not known." These unidentifiable witnesses could provide exculpatory evidence for the defense about this incident.

Not coincidentally, the April 2nd meet and confer was held the same day as the discovery cut-off deadline this Court previously issued in this case. Mr. Young's trial is scheduled to begin within three weeks. Time is of the essence for the defense to access this basic discovery pertaining to any allegations against Mr. Young, which should have been turned over months ago, if not by April 2nd at the very latest.

Mr. Young therefore moves this Court to grant his motion to compel all discovery pertaining to the August 24, 2016 incident forthwith. Counsel requires the discovery immediately to investigate the allegation so that Mr. Young's defense is not bootstrapped at the eleventh hour. The production of this discovery is necessary in order to protect Mr. Young's right to a fair trial.

Dated: April 3, 2019                    */s/ Karen L. Goldstein*
                                        Attorney for Rondale Young

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL DISCOVERY

4